# IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| **GERALDINE HARRIS,** ) | |
| **INDIVIDUALLY AND AS** ) | |
| **TRUSTEE OF THE GERALDINE** ) | |
| **HARRIS TRUST,** ) | |
| ) | **Case No:** |
| Plaintiff, ) | |
| ) | **Div No:** |
| ) | |
| vs. ) | |
| ) | |
| **CALIBER HOMES LOANS,** ) | |
| Serve: CT Corporation ) | |
|    Registered Agent ) | |
|    120 S. Central Avenue ) | |
|    Clayton, MO 63105 ) | |
| ) | |
| Defendant. ) | |

### PETITION FOR VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

### JURISDICTION AND VENUE

1. Plaintiff is a resident of Saint Louis County, Missouri.

2. Defendant is a foreign corporation doing business in the state of Missouri.

3. This petition concerns real property situated in Saint Louis County, Missouri.

4. Jurisdiction and venue are appropriate in the Circuit Court of Saint Louis County, Missouri.

### GENERAL ALLEGATIONS

5. Plaintiff is the owner of real property located at 502 Oak Ridge Trails Court, Ballwin,

Missouri 63021.

EXHIBIT A

6. Defendant through its successor trustee has scheduled said property for foreclosure sale May 10, 2017 at 10:00 a.m.

7. Defendant has entered into a mortgage modification agreement with Petitioner, but Defendant has not cancelled or postponed the sale.

8. Said property has a value of at least $150,000.00.

9. The total indebtedness on said property is approximately $100,000.00.

## COUNT I: MISSOURI MERCHANDISING PRACTICES ACT

**COMES NOW**, Plaintiff and for her petition for violation of the Missouri Merchandising Practices Act against Defendant states as follows:

10. Plaintiff incorporates by reference paragraphs 1 through 9 of this petition as if fully stated herein.

11. Section 407.020 RSMo. provides in its pertinent part: The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce….is declared to be an unlawful practice.

12. The "sale" of a loan and deed of trust includes the loan servicing.

13. The term "merchandise" includes real property, as defined by § 407.010(4) RSMo.

14. Plaintiff incurred the loan and deed of trust primarily for personal, family or household purposes, and not for business purposes.

15. Defendant used deception, fraud, false pretense, false promise, misrepresentation or unfair practice, or concealed, suppressed, or omitted a material fact in connection with the servicing of the loan and deed of trust in one or more of the following respects:

Electronically Filed - St Louis County - May 09, 2017 - 04:41 PM

EXHIBIT A

Electronically Filed - St Louis County - May 09, 2017 - 04:41 PM

    a) By failing to cancel the foreclosure sale despite being accepted for mortgage modification;

16. Defendant's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or concealment, suppression, or omission of a material fact in connection with the loan servicing was willful, wanton, and malicious, and was done with evil motice or reckless indifference to the rights of Plaintiff.

17. As a result of Defendant's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or of Defendant's concealment, suppression, or omissions of a material fact in connection with the loan servicing, Plaintiff suffered an ascertainable loss of money or property.

**WHEREFORE**, for the foregoing reasons Plaintiffs respectfully request this Court issue judgment in favor of Plaintiff and against Defendant for all actual damages, attorneys' fees, and punitive damages in amount to be determined at trial in an amount in excess of $25,000.00, and for such other relief as this Court deems just and proper.

## COUNT II: TEMPORARY AND PERMANENT INJUNCTION

18. Plaintiff incorporates by reference the allegations contained in paragraphs 1-17 of this Petition as if fully set forth herein.

19. Defendant has refused to cancel or postpone the foreclosure sale set for May 10, 2017 at 10:00 a.m.

21. Plaintiffs has no adequate remedy at law for stopping the foreclosure sale.

EXHIBIT A

22. Plaintiff has a substantial likelihood of success on the merits of their claims.

WHEREFORE, Plaintiff respectfully requests that this Court enter its Order and Judgment for Temporary, Preliminary, and Permanent Injunctive Relief in their favor and against Defendant as follows:

    A. Ordering the Defendant to cancel any pending foreclosure sale.

    WESTERFELD LAW GROUP, LLC

    /S/Andrew A. Westerfeld #61123
    1242 Jungermann Road, Suite A
    St. Peters, MO 63376
    Telephone: 636-447-4456
    Fax: 636-447-4472
    andrew@wlglawfirm.com

Electronically Filed - St Louis County - May 09, 2017 - 04:41 PM